# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

RANDALL ANDREW LOCKHART
ADC #108293                                            PLAINTIFF

V.                        5:06CV00186 SWW/JTR

JEFF KITTLER, Jailer,
Arkansas County Jail, et al.                                DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3.     An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## I.  Introduction

Plaintiff, who is currently incarcerated at the Cummins Unit of the Arkansas Department of Correction ("ADC"), has commenced this § 1983 action alleging that Defendants violated his constitutional rights while he was being held at the Arkansas County Jail.  *See* docket entry #2. Pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Court recommends that the case be dismissed, with prejudice, for failing to state a claim upon which relief may be granted.

## II.  Screening

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that:  (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

In conducting its review, the Court is mindful that a complaint should be dismissed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989). A plaintiff's complaint still must contain allegations sufficient to state a claim, as a matter of law, and must not set forth allegations that are merely conclusory. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

In his Complaint, Plaintiff alleges that, on March 24, 2006, Defendants Jailer Jeff Kittler, Jail Administrator Ernest Goldman, and the Arkansas County Jail failed to protect him from being physically attacked by his cellmate, Terrance Harris ("Harris"). *See* docket entry #2. Specifically, Plaintiff alleges that Defendant Kittler negligently turned off the intercom system between the jailers and the prisoners thereby making it impossible for the jailers to hear and stop Harris from attacking Plaintiff and several other prisoners. *Id.*

## A.    Failure to Protect Claim against Defendants Kittler, Goldman, and the Arkansas County Jail

It appears that Plaintiff is alleging that Defendants Kittler, Goldman, and the Arkansas County Jail violated his constitutional rights when they failed to protect him from being physically attacked by Harris. After careful consideration, the Court concludes that Plaintiff has failed to state a viable failure to protect claim against these Defendants for several reasons.

First, to sustain a failure to protect claim, an inmate must allege that prison officials were deliberately indifferent to a substantial risk of harm to the plaintiff.[1] *Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Berry v. Sherman*, 365 F.3d 631, 634 (8th Cir. 2004).  In other words, a prisoner must assert that the defendants were actually aware that there was a substantial risk that he would be injured by another prisoner.  *See, e.g., Crow v. Montgomery*, 403 F.3d 598, 602 (8th Cir. 2005) (finding no constitutional violation where a pretrial detainee failed to prove that he put the defendants on actual notice that he might be attacked by his cellmate); *Perkins v. Grimes*, 161 F.3d 1127, 1130 (8th Cir. 1998) (same).  Thus, it is clear that Plaintiff has failed to state a viable failure to protect claim because he does not allege that he put Defendant Kittler, Goldman, or the Arkansas County Jail on actual notice that he might be physically attacked by Harris.

Second, Plaintiff contends that the attack by Harris was caused by Defendant Kittler's negligence or "poor job performance"[2] – and not <u>intentional</u> conduct.  *See Crow,* 403 F.3d at 602 (8th Cir. 2005) (explaining that intentional conduct, rather than negligence, is required to sustain a § 1983 claim); *Walker v. Reed*, 104 F.3d 156, 157 (8th Cir. 1997) (same).

Third, Plaintiff has not raised <u>any</u> allegations against Defendant Goldman, and it is well settled that he cannot be held vicariously liable, in a § 1983 action, for the conduct of  Defendant Kittler or any of his other subordinates.  *Tlamka v. Serrell,*  244 F.3d 628, 635 (8th Cir. 2001); *Boyd*

---

[1] Failure to protect claims are analyzed under the Eighth Amendment for convicted prisoners and under the Fourteenth Amendment for pretrial detainees.  *Perkins*, 161 F.3d at 1129. In this case, it is unclear whether Plaintiff was a pretrial detainee or a convicted prisoner at the time of the attack by Harris.  However, the Eighth Circuit has applied the deliberate indifference standard to failure to protect claims brought by convicted prisoners as well as pretrial detainees.  *Perkins*, 161 F.3d. at 1129.

[2] *See* docket entry #2 at p. 4.

*v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995); *see also Johnson v. Blaukat*, Case No. 05-3866, 2006 WL 1736380 (8th Cir.  June 27, 2006 ) (to be published) (holding that: "Supervisors can be individually liable [only] if they directly participate in a constitutional violation or if they failed to supervise and train officers").

Finally, Plaintiff has also failed to raise <u>any</u> allegations against Defendant Arkansas County Jail, and it is well settled that a plaintiff seeking to impose § 1983 liability upon a political subdivision of the state must identify an official policy, widespread custom, or practice that caused his injury.[3]  *Monell v. Department of Soc. Servs.* 436 U.S. 658 (1978); *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998).

**B.    Claim Against Defendant Harris**

Finally, Plaintiff has named Defendant Harris because he is the individual that physically assaulted him.  However, it is well settled that a § 1983 action can only be filed against a "state actor" or a person acting under "the color of state law."  *See* 42 U.S.C. § 1983; *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004) (explaining that: "Section 1983 secures most constitutional rights from infringement by governments, not private parties").  In this case, it is clear that Harris was neither a state actor nor acting under color of state law when he physically attacked Plaintiff.  Thus, Plaintiff has also failed to state a viable § 1983 claim against him.[4]

---

[3]  As previously mentioned, Plaintiff contends that Defendant Kitter negligently turned off the intercom, and not that he intentionally turned the device off in compliance with a county policy, practice, or custom.

[4] Instead, this appears to be a dispute between private individuals that should be resolved in a tort/battery action filed in <u>state</u> <u>court.</u>

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.     Pursuant to the screening function mandated by 28 U.S.C. § 1915A, Plaintiff's § 1983 Complaint (docket entry #2) be DISMISSED, WITH PREJUDICE, for failing to state a claim upon which relief may be granted.

2.     Dismissal of this action CONSTITUTE a "strike," as defined by 28 U.S.C. § 1915(g).[5]

3.     The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3),[6] that an *in forma pauperis* appeal from any Order and judgment adopting this Recommended Disposition would not be taken in good faith.

Dated this 20th day of July, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

---

[5] 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

[6] 28 U.S.C. § 1915(a)(3) provides that: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."